UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OZZIE PICKETT,<br><br>      Plaintiff,<br><br>      v.<br><br>GEORGE E. DETELLA, *et al.*<br><br>      Defendants. | Case No. 03-cv-60-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 75) of Magistrate Judge Donald G. Wilkerson recommending that the Court dismiss plaintiff Ozzie Pickett's ("Pickett") claims in this case against defendants Terri Damond, J. Grubbs, J. Jones, A. Jordan, Kay Jordan, Gray Knop, Ronald Lee, J. Parrish and K. Sawyer without prejudice for failure to serve process.

After reviewing a magistrate judge's report and recommendation, the Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in the report. Fed. R. Civ. P. 72(b). The Court must review *de novo* the portions of the report to which objections are made. The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

The Court begins its review by taking a quick look at the procedural history of this case, focusing on the events leading to the Report. Pickett began this case in October 2002 in the Circuit Court of the First Judicial Circuit, Alexander County, Illinois. The Circuit Court granted

Pickett leave to proceed *in forma pauperis* and Pickett claims that it directed the Alexander County sheriff to serve process on the defendants. It is unclear whether all defendants were served with process while this case was pending in state court. Nevertheless, a group of defendants recognized that the causes of action against them asserted claims under federal law and removed the case to this Court in February 2003. Pickett did not move for leave to proceed *in forma pauperis* in federal court, and for good reason. It is highly unlikely the Court would have granted him such status in view of the fact that he has had three or more prior prisoner actions dismissed on the grounds that they were frivolous, malicious or failed to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g); *see, e.g., Pickett v. Page*, 96-cv-416 (S.D. Ill. 1996) (Doc. 6); *Pickett v. Page*, 96-cv-1066 (S. D. Ill. 1997) (Doc. 4); *Pickett v. Washington*, 98-cv-455 (S.D. Ill. 1998) (Doc. 5); *see also Pickett v. Circuit Court of Alexander Co.*, 02-cv-901 (S.D. Ill. 2002) (Doc. 4) (citing foregoing three strikes).

On September 13, 2004, the Court noted that defendants Terri Damond, J. Grubbs, J. Jones, A. Jordan, Kay Jordan, Gray Knop, Ronald Lee, J. Parrish and K. Sawyer had not entered appearances in this case or joined in the remand, assumed that service had not been accomplished on those defendants, and allowed Pickett 60 days in which to serve them with process. In response, Pickett states that in November 2004 he attempted service by mailing eight copies of the Complaint to the assistant attorney general who represented a group of other defendants in this case. This attempt to serve did not comply with Federal Rule of Civil Procedure 4, and the deficiency in service was again noted by Magistrate Judge Donald G. Wilkerson on April 29, 2005. Magistrate Judge Wilkerson issued an order to show cause why Pickett's claims against the nine unserved defendants should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m). Pickett did not respond to the order to show cause, which

resulted in the pending Report recommending dismissal of the nine unserved defendants from this case.

Pickett has filed an objection to the Report (Doc. 81) in which he argues that the Court should never have required him to serve the nine defendants because they had been properly served by the Alexander County sheriff when the case was pending in state court or, in the alternative, that the nine defendants were properly served by mail through the Attorney General's Office.  He further implies that the Court should have appointed the U.S. Marshal Service to serve process for him on the nine defendants and should have remanded this case to state court.  He does not attempt to explain his failure to respond to Magistrate Judge Wilkerson's order to show cause, and he does not attach any evidence that the nine defendants were, in fact, served with process by the Alexander County sheriff.

The Court reviews the Report *de novo*.  Federal Rule of Civil Procedure 4(m) governs the time in which process must be served.  That rule provides, in pertinent part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  Courts have interpreted Rule 4(m) to require a court to grant an extension if the plaintiff shows good cause, but to leave it to the court's discretion whether to grant an extension if the plaintiff shows excusable neglect.  *Coleman v. Milwaukee Bd. of Sch. Dirs.*, 290 F.3d 932, 934 (7th Cir. 2002).

In this case, several things are very clear.  It is clear that the Court has removal jurisdiction over this case based on the presentation of federal questions and that remand is

3

improper. It is beyond question that each of the nine defendant needed to be served with process, or to have waived service, in order to bring them under the jurisdiction of the Court. It is equally clear that Pickett's attempt to serve the nine defendants with the Complaint by mail through the Attorney General's Office did not satisfy the other provisions of Rule 4 that set forth the manner in which a defendant can be served with a summons and complaint or can waive such service. Finally, it is clear that the Court was not in error to fail to appoint the U.S. Marshal Service to serve process in this case; Pickett was not granted leave to proceed in federal court *in forma pauperis*[1] and never asked the Court to appoint the U.S. Marshal Service to serve the summons and complaint for him.

Several other things are less clear. Pickett claims that all nine defendants at issue were served by the Alexander County sheriff, but he has provided no evidence, such as a return of service, showing that service was actually accomplished. It appears, though, that if he believed that the defendants were so served, his failure to serve them once the case reached federal court could amount to excusable neglect which could justify an extension of the service period. The

---

[1] The Court believes that the state court order finding Pickett to be a pauper in the state court proceedings does not serve as the law of the case in this federal litigation forum. The state court inquiry to determine pauper status does not apply the standards set forth in the Prison Litigation Reform Act, 28 U.S.C. § 1915, which are the standards applied by federal courts. Thus, the state court decision is not a decision on the same rule of law such that it could be the law of the case. *See* 28 U.S.C. § 1450; *Arizona v. California*, 460 U.S. 605, 618 (1983) ("[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case."); *see Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 436 (1974). To the extent that the state court determination of Pickett's pauper status might be found to be the law of the case, that decision is hereby vacated in light of the differing standards for pauper status in the state and federal courts. *See EEOC v. Sears, Roebuck & Co.*, 417 F.3d 789, 796 (7th Cir. 2005) (holding that the law of the case doctrine does not block a court from revisiting a prior decision where a change in the law or other special circumstances warrant such reconsideration).

Court believes that the wisest course of action would be to allow Pickett an opportunity to provide evidence of service by the Alexander County sheriff and, if such evidence is unavailable, to allow Pickett a short period in which to accomplish service at this time.  Accordingly, the Court **ORDERS** that Pickett shall file on or before December 2, 2005, one of the following as to each of the nine defendants discussed in this order:

- A return or waiver of service from the proceedings in Alexander County Circuit Court; or

- A return or waiver of service showing that the respective defendant has been properly served pursuant to Federal Rule of Civil Procedure 4.

The Court **WARNS** Pickett that it is running out of patience with his failure to act on this issue.  He has known service was a problem since the Court's order of September 13, 2004, and he has known since at least April 29, 2005, that his attempt at service by mail was unsuccessful.  His failure to respond to Magistrate Judge Wilkerson's order to show cause is inexcusable and would, in itself, justify dismissal of the nine defendants from this case.  Nevertheless, in an abundance of caution, the Court will allow Pickett one more chance to resolve the service issue in his favor.  <u>If Pickett fails to file a return or waiver of service for either defendant Terri Damond, J. Grubbs, J. Jones, A. Jordan, Kay Jordan, Gray Knop, Ronald Lee, J. Parrish or K. Sawyer, Pickett's claims against that defendant will be dismissed without prejudice.  Pickett will receive no further chances.</u>  The Court **RESERVES RULING** on whether it will adopt the Report (Doc. 75).

**IT IS SO ORDERED.**
**DATED:  October 6, 2005**

                s/ J. Phil Gilbert
                **J. PHIL GILBERT**
                **DISTRICT JUDGE**