IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| OZZIE PICKETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:03-cv-60-JPG |
| | ) | |
| GEORGE E. DETELLA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Michael J. Reagan pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Motion for a Temporary Restraining Order (Doc. 139) and the Motion for a Preliminary Injunction (Doc. 139). For the reasons set forth below, it is **RECOMMENDED** that these motions be **DENIED**, and that the Court adopt the following findings of fact and conclusions of law:

### FINDINGS OF FACT

In this action, Plaintiff named 80 defendants who have allegedly violated his rights over the last several years while he has been at Tamms Correctional Center. The Complaint sets forth a detailed chronology of events that occurred from June 16, 1997, through July 31, 2002. The overriding theme in the complaint is that all Defendants have conspired against Plaintiff and have taken various actions against him in retaliation for his constant barrage of grievances and lawsuits filed against members of the Illinois Department of Corrections.

On August 27, 2007, this Court held a final pretrial conference in which it was agreed that the following defendants remain in this case: Scott Steward, Jacob Null, Larry Henderson, Mark Bowers, John Wolf, B Shield, E Plott, Jerrod Walker, Major Riley, Frank Rice, Charles

Hinsely, Supt Gossett, and John Cox.  It was further agreed that the following counts remain for trial:

Count 1: Plaintiff alleges that on September 18, 2000, Defendants Stewart and Walker assaulted Plaintiff while escorting him to his cell.  He further alleges that Defendants Stewart and Walker denied Plaintiff medical attention for his injuries.

Count 2: Plaintiff alleges that on June 28, 2001, Defendant Rice assaulted Plaintiff while escorting him to his cell.  Later that day, Defendants Bowers and Null assaulted Plaintiff before transferring Plaintiff to the mental health unit.

Count 3: Plaintiff alleges that on September 26, 2001, Defendant Henderson issued a disciplinary ticket against Plaintiff in retaliation for Plaintiff's complaints to Internal Affairs about harassment he had allegedly received from Defendant Henderson.  Plaintiff further alleges that, later that same day, Defendants Shields and Plott stripped Plaintiff of all of his property and left him in a cold air-conditioned cell for three days.

Count 4: Plaintiff alleges that on November 20, 2001, Defendant Null issued a false disciplinary report against Plaintiff in retaliation for Plaintiff's complaints to Internal Affairs.  Plaintiff further alleges that, later that same day, Defendants Plott and Hinsley stripped Plaintiff of all of his property and left him in a cold cell for an unspecified time.

Count 5: Plaintiff alleges that on November 29, 2001, Defendants Wolfe, Null, Plott, Gossett, and Riley conspired to confine Plaintiff to a cold stripped cell in retaliation for Plaintiff's filing of grievances and lawsuits.

Count 6: Plaintiff alleges that on December 4, 2001, Defendants Null and Wolfe stripped Plaintiff of all of his legal property and issued false disciplinary reports against Plaintiff in retaliation for Plaintiff's filing of grievances and lawsuits.

Count 7: Plaintiff alleges that on May 31, 2002, Defendants Cox and Wolfe assaulted Plaintiff and then filed a false disciplinary report against Plaintiff in retaliation for Plaintiff's filing of grievances and lawsuits.

On July 16, 2007, Plaintiff filed a Motion for Temporary Restraining Order (Doc. 139) and Preliminary Injunction (Doc. 139).  On August 2, 2007, Plaintiff filed a Motion to Conform to the Evidence in support of his Motion for Temporary Restraining Order and Preliminary Injunction (Doc.136).   It appears that Plaintiff seeks the following:

1. Plaintiff asks the Court to prevent certain prison officials from having any contact with Plaintiff or, in the alternative, to order Plaintiff's transfer to the custody of the United States Federal Marshals (Doc. 139 at 9).

2. Plaintiff asks the Court to order the immediate return of Plaintiff's legal documents and personal property and to provide Plaintiff with access to his legal property (Doc. 139 at 9).

3. Plaintiff asks the Court to order the immediate transfer of Plaintiff to a different housing wing or, in the alternative, to order Plaintiff's transfer to the custody of the United States Federal Marshals (Doc. 139 at 9).

Plaintiff fails to identify with any particularity the individuals against whom relief is sought. However, Plaintiff states generally that he seeks relief against (1) the Director of the Department, (2) the Wardens, Assistant Wardens, and Majors at Tamms, (3) the mail room supervisor at Tamms, (4) the personal property Lieutenant Supervisors at Tamms, (5) Grievance Officers at Tamms, (6) Case-work Supervisors and Case-work Counselors at Tamms, and (7) various unnamed healthcare workers (Doc. 142, at 2-3).

On August 27, 2007, the Court held a Final Pretrial Conference and also heard from the parties on the instant motions. The Court asked Plaintiff to (1) name the defendants in this lawsuit who were doing something to Plaintiff to warrant a restraining order or preliminary injunction, and (2) what the specific facts were relating to each defendant. Plaintiff, however, failed to identify specific incidents involving any defendants in this case over the past several months. He was unable to clarify any of his vague assertions as against any named defendant in

this suit.  Further, the Court informed Plaintiff that its jurisdiction was limited to parties in this lawsuit.

## ANALYSIS

Federal Rule of Civil Procedure 65 provides specific procedures for the issuance of a preliminary injunction and a temporary restraining order ("TRO").  While listed second, a TRO can be issued without notice and by its term is temporary in nature. RULE 65(b).  If a TRO is issued without notice, the matter must be set for a hearing on a motion for a preliminary injunction.  Rule 65(a) states that no preliminary injunction shall be issued unless notice is given to the adverse party.  In addition to this, Plaintiff must also show that he is reasonably likely to succeed on the merits, that no adequate remedy at law exists, and that will suffer irreparable harm which, absent injunctive relief, outweighs the irreparable harm the respondent will suffer if the injunction is granted, and that the injunction will not harm the public interest. Joelner v. Village of Washington Park, Illinois, 378 F.3d 613, 619 (7th Cir. 2004). See also Incredible Technologies, Inc. v. Virtual Technologies, Inc., 400 F.3d 1007, 1011 (7th Cir. 2005).

If Plaintiff meets this initial burden, "then the inquiry becomes a 'sliding scale' analysis where these factors are weighed against one another." Joelner, 378 F.3d at 619.  In considering a motion for a preliminary injunction, this Court can consolidate the matter with the trial on the underlying complaint. See RULE 65(a)(1).  The Rule further provides for the deposit of security to compensate the defendant in the event that a TRO or preliminary injunction wrongfully enjoins or restrains the defendants. RULE 65(c).  Rule 65(d) also states that any order made pursuant to the rule must be specific and "is binding only upon the parties to the action, their

4

officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise."

In addition to the Federal Rules, Plaintiff's motion is governed by the Prisoner Litigation Reform Act of 1997. 18 U.S.C. §3626(a).  Under the PLRA, preliminary injunctive relief can only be ordered if the relief is "narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. §3626(a)(2).  The burden is upon the plaintiff to show that he is entitled to a TRO or a preliminary injunction. See Boucher v. School Board of the School District of Greenfield, 134 F.3d 821, 823 (7th Cir. 1998).

In this case, Plaintiff is not entitled to a TRO.  This is because his request for a TRO has been de facto converted into a motion for a preliminary injunction as the respondent is on notice of the request and has been given an opportunity to respond. See Doe v. Village of Crestwood, Illinois, 917 F.2d 1476, 1477 (7th Cir. 1990).  Therefore, because the Court will rule on the merits of Plaintiff's complaints in its determination as to whether he should be granted a preliminary injunction, the Court **RECOMMENDS** that the request for a temporary restraining order be **DENIED**.

Plaintiff also has failed to meet his burden of showing that he is entitled to a preliminary injunction.  Plaintiff has not shown that he is reasonably likely to succeed on the merits, that no adequate remedy at law exists, and that he will suffer irreparable harm.  In fact, Plaintiff was not able to direct the Court to a single specific instance where a defendant did something specific that he believes violated his rights.  Further, Plaintiff has failed to request a remedy that this Court has the power to grant.  Finally, Plaintiff's vague allegations concern matters that have

arisen after the filing of his complaint, which should be handled in a separate lawsuit rather than the instant case. The Court will, however, address the three requests Plaintiff made in his motions.

First, Plaintiff asks the Court to prevent certain prison officials from having any contact with Plaintiff or, in the alternative, to order Plaintiff's transfer to the custody of the United States Marshals. Although Plaintiff states he was "maliciously and sadistically" retaliated against, he has not attributed any specific actions or injuries suffered with respect to any named defendant in this suit. Without stating specific facts to support his claim, this Court cannot recommend that a temporary restraining order issue.

Next, Plaintiff asks the Court to order the immediate return of Plaintiff's legal documents and personal property and to provide Plaintiff with access to his legal property. Plaintiff appeared in Court on August 27, 2007, however, with his legal materials in hand. He was only able to identify a few documents that he states were missing from his boxes of legal materials. Attorney Lanzdorf, counsel for the United States, informed the Court that a box containing some of Plaintiff's materials that were confiscated in January of 2007 are now available to Plaintiff upon his request. The defense has also stated that Plaintiff has repeatedly refused access to the law library and to review his property boxes on at least eighteen occasions since April 6, 2007 (Doc. 145 at 5). Further, the Court is appointing Plaintiff an attorney for trial who will be given a copy of all the exhibits that have been identified for use at trial. To the extent that Plaintiff requests a preliminary injunction to access his legal materials, Plaintiff's request is moot.

Finally, Plaintiff asks the Court to order the immediate transfer of Plaintiff to a different housing wing or, in the alternative, to order Plaintiff's transfer to the custody of the United States

Marshals.  The Court has informed Plaintiff on multiple occasions, however, that the Court only has jurisdiction over the parties named in Plaintiff's complaint.  The Illinois Department of Corrections is not a named party in this suit, nor is the United States Marshals or anyone else with the authority to transfer Plaintiff's custody.  Accordingly, Plaintiff motion should be denied.

In addition, Plaintiff generally complains of events that have occurred since the filing of his Complaint. Under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), in order to place such claims before the Court, plaintiff must exhaust his administrative remedies as to these new claims and file a separate lawsuit. *See Perez v. Wisconsin Dept. of Corrections,* 182 F.3d 532, 535 (7th Cir. 1999). This lawsuit is limited to the allegations alleged in his Complaint against the individuals named in his Complaint that still remain in this lawsuit.

Even if this Court wanted to grant Plaintiff's motion, it would be unable to narrowly tailor relief that extends no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm as required by the PLRA without specific allegations against specific defendants.  The burden is upon the plaintiff to show that he is entitled to a TRO or a preliminary injunction, and Plaintiff has failed to meet that burden. See Boucher v. School Board of the School District of Greenfield, 134 F.3d 821, 823 (7th Cir. 1998).

### CONCLUSION

Accordingly, the Court being fully advised in the premises, **RECOMMENDS** that Plaintiff Ozzie Pickett's Motion to for Temporary Restraining Order (Doc. 139) be **DENIED**, that the Motion for Preliminary Injunction (Doc. 139) be  **DENIED**, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties shall have ten (10) days after service of this Recommendation to file written objections thereto.  The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals.  <u>Snyder v. Nolen</u>, 380 F.3d 279, 284 (7th Cir. 2004); <u>United States v. Hernandez-Rivas</u>, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: August 28, 2007**

>    *s/ Donald G. Wilkerson*
>    **DONALD G. WILKERSON**
>    **United States Magistrate Judge**