UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| OZZIE PICKETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 03-cv-60-JPG |
| | ) | |
| GEORGE E. DETELLA, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of plaintiff Ozzie Pickett to vacate the Court's July 23, 2008, order or, in the alternative, to certify an interlocutory appeal (Doc. 209). The Court's July 23, 2008, order allowed counsel Mark Hunter to withdraw as full counsel but required him to continue to serve as stand-by counsel for trial, which is scheduled for August 25, 2008. Pickett now asks the Court to appoint him new counsel or to allow him leave to appeal the Court's denial of counsel.

The Court notes that this case was commenced in state court in 2002; it is now nearly six years old and should be expeditiously resolved. The Court further notes it has appointed two counsel for Pickett, Joseph Swift and Mark Hunter. Swift asked to be removed from the case because Pickett refused to participate in the preparation of the case for trial and Pickett told Swift he no longer wanted Swift to represent him. Pickett asked Hunter to be removed because Hunter did not communicate with Pickett as much as he would have liked.

Whether to appoint an attorney to represent an indigent civil litigant is within the sound discretion of the district court. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). There is absolutely no right to appointment of counsel in a civil case. *Pruitt*, 503 F.3d at 656-57. Pursuant to 28 U.S.C. §

1915(e)(1), the Court may request the assistance of counsel in an appropriate civil case where a litigant is proceeding *in forma pauperis*. *Mallard v. United States Dist. Court*, 490 U.S. 296 (1989); *Pruitt*, 503 F.3d at 649. Local Rule 83.1(i) obligates members of the bar of this Court to accept appointments, provided an appointment is not made more than once during a 12-month period.

In deciding the request for counsel, the Court should ask (1) whether the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so and (2) whether, given the difficulty of the case, the plaintiff appears at that time to be competent to litigate it himself. *Pruitt*, 503 F.3d at 654-55 (citing *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993)). "[T]he question is whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Id.* at 655. In making this inquiry, courts usually consider factors such as the plaintiff's literacy, communication skills, educational level, litigation experience, intellectual capacity and psychological history. *Id.*

Because Pickett actually had two separate counsel appointed in this case, the appropriate inquiry for the first prong of the test should not be whether Pickett has made a reasonable attempt to *obtain* counsel but whether he has made a reasonable attempt to *keep* counsel he already had. The answer is no. Pickett was dissatisfied with the way his first appointed counsel was preparing the case and with counsel's refusal to represent him in matters outside the scope of his appointment so, instead of resolving matters with counsel, refused to cooperate with him despite counsel's repeated efforts to communicate with him. He asked first counsel to withdraw. The Court then appointed Hunter to replace Swift. Pickett was likewise dissatisfied with Hunter because, in Pickett's opinion, he did not communicate with him enough. He also asked Hunter

to withdraw. Pickett has come to the end of the line. The Court has appointed him two able, well-respected counsel and, because they did not allow Pickett to micro-manage the litigation or because they were not at Pickett's beck and call, he wanted to get rid of them both.

Furthermore, the Court believes that with the assistance of stand-by counsel, Pickett is competent to litigate this case himself. His filings in this case demonstrate that he is familiar with the relevant facts and legal theories and is able to present them coherently, though not always as eloquently as counsel might. He also has some litigation experience, having brought five other civil cases in this district (*Pickett v. Page*, 96-cv-416-JPG; *Pickett v. Page*, 96-cv-1066-WDS; *Pickett v. Washington*, 98-cv-455-GPM; *Pickett v. Alexander County*, 02-cv-901-JPG; *Pickett v. Merchant*, 07-cv-341-WDS) and at least one in another jurisdiction (*Pickett v. Detella*, 98 C 3877 (N.D. Ill.)). Any lack of trial experience Pickett may suffer can be overcome by the assistance of stand-by counsel during trial. The Court will further take into account Pickett's *pro se* status when appropriate as the trial progresses, for example, in connection with editing of proposed jury instructions or with allowing consultations with stand-by counsel. Considering Pickett's proven abilities, stand-by counsel's assistance and the Court's leniency and understanding of his *pro se* status, the Court is confident Pickett will be able to present his case coherently to a jury.

The Court notes that the failure to appoint counsel does not violate Pickett's due process rights because there is no due process right to counsel where a litigant's physical liberty is not at risk. *Pruitt*, 503 F.3d at 657 (citing *Lassiter v. Department of Soc. Servs. of Durham Co.*, 452 U.S. 18, 25 (1981)). Furthermore, the failure to appoint counsel does not impinge on Pickett's right of access to the courts because he is not being shut out of court. *Pruitt*, 503 F.3d at 657 (citing *Christopher v. Harbury*, 536 U.S. 403, 413 (2002)).

The Court's refusal to appoint a third counsel to Pickett is not appropriate for immediate appeal. The decision not to appoint counsel to an indigent plaintiff is not a final decision appealable under 28 U.S.C. § 1291. *Randle v. Victor Welding Supply Co.*, 664 F.2d 1064, 1066 (7th Cir. 1981). Neither is it an appropriate order for appeal under 28 U.S.C. § 1292(b). That statute provides that the Court may certify for immediate appeal an order that "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Whether Pickett has counsel is not a controlling issue to which there is substantial grounds for difference of opinion, and an immediate appeal will hinder rather than materially advance this case. Whether the Court's decision not to appoint counsel was an abuse of discretion can be decided in the appeal of the final judgment in this case, should Pickett take an appeal at that time. The Court therefore will deny Pickett's motion to certify an interlocutory appeal on this issue.

For the foregoing reasons, the Court **DENIES** Pickett's motion to vacate the Court's July 23, 2008, order or, in the alternative, to certify an interlocutory appeal (Doc. 209). This case remains on the trial calendar for August 25, 2008.

**SO ORDERED:**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

**DATE: August 5, 2008**